UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LIU,<br><br>    Plaintiff,<br><br>    v.<br><br>SHELLPOINT MORTGAGE SERVICING, et al.,<br><br>    Defendants. | Case No.  3:23-cv-04887-JD<br><br>**ORDER RE DISMISSAL** |

Pro se plaintiff Amy Liu sued defendants Shellpoint Mortgage Servicing (Shellpoint) and Selene Finance LP (Selene) for claims under the Consumer Finance Protection Act (CFPA), 12 U.S.C. § 5531, and the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45, and for breach of contract, in connection with a mortgage on Liu's primary residence in Pleasanton, California. Dkt. No. 8.[1]  Liu says that defendants mishandled her mortgage payments in various ways, which left her delinquent on the loan and unable to obtain a refinance.

Selene asks to dismiss Liu's complaint under Federal Rules of Civil Procedure 12(b)(6), and challenges Liu's Article III standing to sue. Dkt. No. 10-1. The complaint is dismissed with leave to amend the contract claim only. Selene's request for judicial notice of exhibits attached to its motion to dismiss, Dkt. No. 11, is denied.

Starting with the Article III question, Liu has standing to sue with respect to the mortgage held in her name. Liu alleges that she made the mortgage payments that were not processed, which caused her damages, including alleged overpayments. *See* Dkt. No. 8 ¶¶ 6, 11, 15. This plausibly states a concrete and particularized injury in fact fairly traceable to defendants' conduct, and so establishes standing for Liu's mortgage claims. *See Strojnik v. 574 Escuela, LLC*, No. 3:18-cv-06777-JD, 2020 WL 1557434, at *1 (N.D. Cal. Mar. 31, 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). For the sake of clarity, Liu has not demonstrated the same for

---

[1] The complaint mentions Yuanbiao Chen as a plaintiff, but only Amy Liu is expressly named as plaintiff in the complaint and on the ECF docket.

claims that appear to relate to injuries her sons are said to have sustained with respect to a mortgage that they, and not Liu, took out.

For the Rule 12(b)(6) questions, the CFPA and FTC Act claims are dismissed with prejudice. Neither statute affords a private right of action. *See Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (FTC Act); *Goziker v. Wells Fargo Bank, N.A.,* No. 8:23-cv-00860-FWS, 2023 WL 8872294, at *7 (C.D. Cal. Oct. 17, 2023) (and cases cited therein) (CFPA). The complaint makes a passing and rather ambiguous reference to 18 U.S.C. § 1001, which is a criminal statute for making false statements to the government. Liu is advised that she may not attempt to state a claim on the basis of this statute.

Generously read for a pro se plaintiff, *see Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990), the complaint alleges the outlines of a breach of contract claim for the handling of Liu's mortgage, but not with enough specificity to go forward as presently stated. It is dismissed with leave to amend. To state a plausible contract claim, Liu must amend the complaint with facts that identify "(1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." *Troyk v. Farmers Grp.*, 171 Cal. App. 4th 1305, 1352 (2009) (internal quotations omitted).

As a closing observation, Liu filed this case in federal court on grounds of federal question and diversity jurisdiction. The claims under federal law have been dismissed with prejudice. Consequently, when amending the complaint, Liu should allege facts demonstrating diversity subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Otherwise, she should pursue relief in California state court.

Liu may file an amended complaint consistent with this order by May 3, 2024. No new claims or parties may be added without the Court's prior consent. A failure to meet the filing deadline or conform to this order will result in a dismissal of the case under Rule 41(b).

**IT IS SO ORDERED.**

Dated: April 3, 2024

_____
JAMES DONATO
United States District Judge